UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 26-180-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF KENTUCKY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff John Doe has filed a Complaint asserting claims against the University of Kentucky ("UK") and arising from a concluded Title IX proceeding against him. [Record No. 1]  He alleges a violation of Title IX of the Higher Education Act of 1965 ("Title IX"), 20 U.S.C. § 1681 *et seq*.; the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g; and the Fourteenth Amendment to the United States Constitution.  *See id*. at 1.  Doe also has filed a motion to proceed *in forma pauperis*, [Record No. 2] and filed under seal a Notice of Identification which sets forth his given name.  [Record No. 4]  Finally, Doe has filed a motion to seal each of the foregoing documents as well as the case itself, and to proceed pseudonymously.  [Record No. 3][1]

**I.**

The Court begins with the motion to seal and to proceed pseudonymously.  Doe obliquely indicates that he was charged with sexual misconduct while enrolled at UK and

---

[1] The Clerk has provisionally sealed the case and each of the documents considering Doe's motion requesting that relief.  *See* Joint General Order 21-1 (incorporating Amended Electronic Case Filing Administrative Policies and Procedures), §§ 8.1(a)(3), 8.3(a) (Aug. 24, 2021)).

-1-

contends that procedural irregularities occurred during the investigation and hearing process. [Record No. 3 at 1]  He claims that "[t]he Complaint contains detailed allegations regarding protected educational records (FERPA), mental health treatment, a court-ordered intervention, and privileged communications." *Id*.

Doe also contends that disclosure of his identity would reveal personal, medical, and disciplinary information "would cause significant embarrassment, reputational harm, and prejudice to [his] future professional licensure and career prospects." *Id*.  The typewritten portion of Doe's one-page motion seeks only to seal the Complaint and to proceed under a pseudonym.  His request to seal the other documents he filed and the case itself are only handwritten and are unsupported by argument. *See id*.

The Court will deny the motion to seal the case and will order this matter be unsealed. Courts of law are public, not private, tribunals, and a strong right of public access attaches when a document is filed or utilized in court proceedings. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F. 2d 1165, 1178-79 (6th Cir. 1983); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  Therefore, a presumption of public access to court records can only be overcome by the most compelling reasons.  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).  However, "neither harm to reputation of the producing party nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access." *Wood v. Settles*, No. 1:20-CV-54-TAV-CHS, 2020 WL 1492762, at *1 (E.D. Tenn. Mar. 27, 2020) (*quoting In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009)).

Doe offers only the most conclusory and speculative allegations of harm. [Record No. 3 at 1]  And because he has not "articulate[d] specific facts showing [that] clearly defined and

serious injury" would result if the Court did not seal the filings in this case, his motion will be denied.  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (internal quotation marks and citations omitted); *see also Rudd Equip. Co. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016).  Finally, the Court notes that while a particular document filed in a case may be placed under seal, this does not warrant sealing the entire case.  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305-07 (6th Cir. 2016).

## II.

With respect to Doe's request to seal his Complaint, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 598. This right "extends to court dockets, records, pleadings, and exhibits, and establishes a presumption of public access that can only be overcome by specific, on-the-record findings that the public's interest in access to information is overcome by specific and compelling showings of harm." *Tri-Cnty. Wholesale Distributors, Inc. v. Wine Grp., Inc.*, 565 F. App'x 477, 490 (6th Cir. 2012) (Gwin, J., concurring in part) (*citing Press–Enterprise Co. v. Superior Court*, 106 S. Ct. 2735, 2743 (1986)). These principles embody a "strong presumption" in favor of keeping court records open to the public. *See Brown & Williamson*, 710 F.2d at 1176–79.

As a result of the foregoing principles, a party seeking to seal a court record based upon its contents must establish: (1) a compelling interest in having the record sealed; (2) the interests in sealing outweigh the public's right of access; and (3) the proposed seal is narrowly tailored. *See Rudd Equip.*, 834 F.3d at 593-94.  This standard is so demanding that, "'[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence

(such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." *Shane*, 825 F.3d at 308 (*quoting Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002)).

Doe contends that his Complaint "contains detailed allegations regarding protected educational records (FERPA), mental health treatment, a court-ordered intervention, and privileged communications." [Record No. 3 at 1]  But it does not.  The Complaint is a mere one and a half pages long, and Doe's "Statement of Facts" is a terse six-sentence effort that alleges only that UK improperly used privileged information when reaching its decision and failed to consider assertedly exculpatory video footage. [Record No. 1 at 1]

The Complaint does not identify what the information was or why he believes that it was privileged, and it does not refer in any way to "protected educational records (FERPA), mental health treatment, [or] a court-ordered intervention[.]"  Further, the Complaint does not identify Doe himself, the complaining party in the Title IX proceeding, or any specific information about the Title IX proceeding itself.  In summary, putting the Complaint in the public sphere would not reveal any personally identifiable information about the plaintiff or other information from which his identity could be readily deduced.  The motion to seal the Complaint will be denied, and the Clerk will be direct to unseal it.

Next, the Court will permit Doe's motion to proceed *in forma pauperis* to remain sealed, but only because he signed it with his given name. [Record No. 2] The same holds true for the Notice of Identification filed by Doe.  For the reasons explained below, Doe must file a renewed motion to waive payment of the filing and administrative fees.  Because the **case** will be unsealed (and therefore publicly viewable), if Doe wishes to have a particular document

-4-

filed under seal – including his renewed fee motion – he must request that such particular document be filed under seal at the same time of filing.

### III.

With respect to Doe's request to proceed under a pseudonym, parties must generally proceed under their own names. Fed. R. Civ. P. 10(a). However, the Court may permit a party to proceed under a pseudonym by granting a protective order. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). To prevail on such a request, the moving party must demonstrate that his or her need for anonymity "substantially outweighs both the presumption that a party's identity is public information and the risk of unfairness to the opposing party." *Cf. Vargasan v. MG Freesites, Ltd.*, No. 4:22-CV-P47-JHM, 2022 WL 1414491, at *2 (W.D. Ky. May 4, 2022) (cleaned up). When considering such a request, the Court considers whether:

(1)    the plaintiff is suing to challenge governmental activity;

(2)    prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy";

(3)    the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and

(4)    the plaintiff is a child.

*D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016).

The first factor favors granting the relief requested in this case, although only marginally so. The conduct in question occurred in the past and does not relate to ongoing conduct. *Cf. G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (noting that governmental activity factor "usually applies to cases in which the plaintiff challenges governmental activity such as a policy or statute."). The remaining factors

weigh against granting the motion.  Doe is not a child, he does not suggest he intends to violate the law, and he does not identify any "intimate" conduct in either his complaint or his motion.

This Court and others therefore have denied such motions in Title IX cases involving allegations or findings of sexual misconduct in the academic setting.  *Cf. Doe v. Kentucky Cmty. & Tech. Coll. Sys.*, No. 20-CV-6-DLB, 2020 WL 495513, at \*2 (E.D. Ky. Jan. 30, 2020); *Doe v. Univ. of Louisville*, No. 3:17-CV-00638-RGJ, 2018 WL 3313019, at \*3 (W.D. Ky. July 5, 2018); *see also Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at \*3-4 (N.D. Ohio Feb. 3, 2016).  As one Court aptly explained:

> First, although anonymity may be common in Title IX suits, it must be justified in each case.  "Title IX [does not create an] easement across the norm of using litigants' names."  [*Doe v. Indiana University*, 101 F.4th 492, 492 (7th Cir. 2024)]. …
>
> Second, although plaintiff understandably prefers to keep the public from learning that Loyola has found that he committed misconduct, we have held that a desire to keep embarrassing information secret does not justify anonymity.  *See Indiana University*, 101 F.4th at 491-92 (citing cases and giving examples).  *See also, e.g., Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020); *Doe v. Deerfield*, 819 F.3d 372, 375, 377 (7th Cir. 2016); *Coe v. Cook County*, 162 F.3d 491, 498 (7th Cir. 1998).
>
> Although we recognize that no one wants a college's finding of misconduct broadcast in the pages of the Federal Reporter, a desire to keep bad news confidential, if adequate to justify secrecy, would lead to a norm of anonymity across swaths of civil and criminal litigation.  Take a worker who files an age-discrimination suit, only to be met by the response that he had been fired as incompetent.  Or consider a criminal defendant charged with crossing state lines to have a sexual encounter with a teenager.  If those charges and defenses are made in public, why should college students enjoy a privilege to keep misdeeds secret?

*Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 913-14 (7th Cir. 2024), *reh'g denied*, No. 22-2925, 2024 WL 2818036 (7th Cir. June 3, 2024).  *See also Doe v. Univ. of S. Indiana*, 172 F.4th 511, 514 (7th Cir. 2026) ("We have explained in many opinions why there is a strong

presumption in favor of requiring adult parties to litigate under their real names in federal court. We have applied this presumption to Title IX cases even though they often involve complaints and findings about accusations of sexual assault and other sensitive subjects.") (citations omitted); *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 70-72 (1st Cir. 2022); *Doe v. Emory & Henry Univ.*, 786 F. Supp. 3d 977, 982-84 (W.D. Va. 2025); *Doe v. Rosalind Franklin Univ.*, 685 F. Supp. 3d 684, 687-88 (N.D. Ill. 2023). Based upon these authorities, the Court will deny Doe's request to proceed pseudonymously and require him to file an Amended Complaint under his given name. Failure to do so within the time permitted will result in dismissal of this action without prejudice for failure to prosecute and failure to comply with an Order of the Court.

**IV.**

Finally, the Court will deny Doe's motion to proceed *in forma pauperis* without prejudice. While Doe lists his income, he does not indicate whether he is married or list any income from a spouse, if any. He also does not state whether he possesses any real or personal property. [Record No. 3 at 2-3]

On the other side of the ledger, Doe lists only expenses for rent or a mortgage and a *de minimis* amount for food. He also does not list any amount paid for utilities, maintenance, insurance, clothing, entertainment, or taxes. *See id*. at 4. More importantly, the stated income and expenditures indicate a surplus of $1,260.00 per month, which is more than enough to pay the $405.00 in filing and administrative fees. Of course, it is possible that a more complete and specific disclosure of Doe's finances would warrant waiver of the filing fee. But on the present record, the Court will deny the motion without prejudice. The Clerk will be directed

to send Doe a new form application to proceed *in forma pauperis*. Doe must either fully complete this form and file it or pay the required filing fee in full.

Accordingly, it is hereby **ORDERED** as follows:

1.     The Motion to Proceed Under Pseudonym and to File Complaint Under Seal [Record No. 3] is **GRANTED IN PART** and **DENIED IN PART**.

2.     The Clerk is directed to **UNSEAL** the case.

3.     The Clerk is directed to **UNSEAL** the Complaint, [Record No. 1].

4.     The Clerk is directed to **UNSEAL** the Motion to Proceed Under Pseudonym and to File Complaint Under Seal [Record No. 3].

5.     The Clerk is **DIRECTED** to maintain **UNDER SEAL** the motion to proceed *in forma pauperis* [Record No. 2] and the Notice of Identification [Record No. 4].

6.     **Within twenty-one (21) days**, The plaintiff is directed to **FILE** an Amended Complaint containing his full name in conformity with Rule 10(a).

7.     The motion to proceed *in forma pauperis* [Record No. 2] is **DENIED** without prejudice.

8.     The Clerk of the Court is directed to send Doe an EDKY Form 519 (Motion and Affidavit in Support of Motion to Proceed In Forma Pauperis). **Within twenty-one (21) days**, Doe must either pay the $405.00 filing fee or complete and file this form.

9.     The plaintiff is again advised that the Court will dismiss this case without prejudice for failure to prosecute and failure to comply with an Order of the Court if he does not take the required steps outlined above within the time permitted.

Dated:  May 22, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky